**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHERYL ALVEY,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

        Defendant-Appellee.

No. 12-5200
(D.C. No. 4:11-CV-00151-TCK-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.
_____

      Cheryl Alvey appeals the denial of her applications for a period of disability,

disability benefits, and supplemental security income at step four of the five-step

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sequential disability evaluation process. She argues that even though the administrative law judge (ALJ) recognized at step two that she suffers from medically determinable mental impairments, he did not properly apply the procedure at step four for determining whether she can perform her past relevant work (PRW). *See Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996). Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm. Although the ALJ erred at step four in analyzing the functional limitations resulting from Ms. Alvey's mental impairments, the error was harmless.

At step two the ALJ found that Ms. Alvey had the severe physical impairments of "fracture of left ankle with residuals and mild degenerative arthritis and spondylosis of the cervical spine." Aplt. App. Vol. II at 62. He also recognized that she suffered from depression and anxiety, but he concluded that those impairments did "not cause more than minimal limitation in the claimant's ability to perform basic work activities." *Id.* at 63. Consistent with a Psychiatric Review Technique (PRT) form in the record, the ALJ, in evaluating the four broad functional areas, found only mild limitations in daily living, in social functioning, and in concentration, persistence, and pace, and he found that Ms. Alvey had experienced no episodes of decompensation. Thus, the ALJ concluded that the mental impairments were nonsevere. *See* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (mental impairments imposing mild limitations generally are deemed nonsevere). He then stated, "[T]he

following residual functional capacity assessment reflects the degree of limitation the undersigned has found." Aplt. App. Vol. II at 64.

When he reached step four, the ALJ assessed Ms. Alvey with the residual functional capacity (RFC) to perform the full range of sedentary work. He did not include any mental limitations in the RFC, nor did he explain why he was not including any such limitations. Based on the testimony of Ms. Alvey and a vocational expert (VE), the ALJ determined that Ms. Alvey could perform her PRW as a customer service representative and buyer assistant in electronics as she actually had performed it, and therefore she was not disabled. The Appeals Council denied review and the district court affirmed.

"We review the Commissioner's decision to determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

*Winfrey* set forth a three-part framework for establishing whether a claimant can return to her PRW. First, the ALJ must evaluate the claimant's physical and mental RFC. *See* 92 F.3d at 1023. Second, "the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work." *Id.* at 1024. Finally, the ALJ must compare the claimant's RFC to the demands of her PRW to

- 3 -

determine whether she can still perform such work. *See id.* at 1023, 1024-25. "At each of these phases, the ALJ must make specific findings." *Id.* at 1023.

Ms. Alvey does not contend that the ALJ erred at step two in assessing her mental impairments as nonsevere. Instead, she argues that at step four the ALJ did not comply with *Winfrey* because he did not include any mental limitations in her RFC and did not make any findings about the mental requirements of her PRW.

This court very recently discussed the requirements for analyzing nonsevere mental impairments at steps two and four. *See Wells v. Colvin*, __ F.3d __, No. 12-6234, 2013 WL 4405723, at *1-2, *4-5 (10th Cir. Aug. 19, 2013). *Wells* held that, in light of the Commissioner's regulations, "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* at *5. At step two in *Wells*, "the ALJ stated that [the] findings [of mild limitations] do not result in further limitations in work-related functions in the RFC assessment below," and then reiterated that the mental impairments were nonsevere. *Id.* (brackets and internal quotation marks omitted). Concerned that this language implied that the ALJ "may have relied on his step-two findings to conclude that [the claimant] had no limitation based on her mental impairments," *Wells* held that such analysis "was inadequate under the regulations and the Commissioner's procedures." *Id.* "[T]o the extent the ALJ relied on his findings of non-severity as a substitute for adequate RFC analysis, the

Commissioner's regulations demand a more thorough analysis." *Id.* at *7. *Wells* further discussed the requirements for analysis of mental impairments at step four, noting that the step-four RFC assessment is more detailed than the step-two severity assessment and listing various functions that may be relevant to a mental RFC assessment. *See id.* at *5.

In *Wells*, however, the ALJ, in addition to his statement about the RFC at step two, separately discussed the claimant's nonsevere mental impairments in his RFC analysis at step four. *See id.* at *5. We stated that "[h]is discussion, though far from systematic, may have been adequate to fulfill his duty at step four to determine [the claimant's] mental RFC." *Id.* at *2; *see also id.* at *5. Ultimately, the problem in *Wells* was that the discussion was not supported by substantial evidence. *See id.* at *5-7.

Similar to the step-two statement that *Wells* implied would be inadequate, at step two in this case the ALJ stated, "[T]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found." Aplt. App. Vol. II at 64. And at step four the ALJ here, unlike the ALJ in *Wells*, did not engage in any analysis of mental functions and how they may be impacted (or not) by Ms. Alvey's medically determinable mental impairments. It appears, therefore, that the ALJ failed to employ the step-four analytical procedure prescribed by the regulations.

It does not necessarily follow, however, that a remand is required. We have recognized that "[i]n conducting our review, we should, indeed must, exercise common sense," *Keyes-Zachary*, 695 F.3d at 1166, and that a determination of harmless error may be appropriate "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way," *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). We may employ a harmless-error analysis sua sponte on appeal when, as here, the record is not overly long or complex, harmlessness is not fairly debatable, and reversal would result in futile and costly proceedings. *See Wyoming v. Livingston*, 443 F.3d 1211, 1226 (10th Cir. 2006). Because the evidence in this case does not support assessing any functional limitations from mental impairments, we believe it appropriate to assess harmless error and avoid a futile remand.

As the ALJ noted, there are no records indicating treatment by a mental practitioner. Ms. Alvey's amended onset date was January 9, 2007, but her medical records from 2007 and 2008 contain few mentions of mental issues. And medical opinions from shortly before the amended onset date do not support any mental functional limitations. Based on a September 2006 exam, Ms. Alvey's primary care physician opined in a Mental Status Form that she had no significant mental issues and that she had normal behavior and ability to relate to other people; could remember, comprehend, and carry out both simple and complex instructions; could

respond to supervision, coworkers, and work pressure; and had a normal mental status, orientation, and ability to think, reason, and respond. Although he noted that Ms. Alvey had experienced chest pains due to anxiety, the physician did not note any stress to be avoided. On December 18, 2006, an examining physician opined that her "[r]ecent and remote memories are intact" and her "[t]hought processes appear normal." Aplt. App. Vol. II at 312-13. This physician also noted her chest pains related to anxiety, but he too failed to diagnose any limitations.

The ALJ's assessment of mild limitations at step two was consistent with a January 3, 2007, PRT form apparently completed by an agency reviewer. The reviewer, however, gave little explanation for assessing mild limitations rather than no limitations, simply noting that Ms. Alvey "is on anxiolytics from her PCP due to chest pains attributed to anxiety. He does not consider that she has significant mental health issues." *Id.* at 332. The reviewer concluded by stating that Ms. Alvey "[a]ppears to have a very active life with only a few limitations due to physical impairments." *Id.* That January assessment was reviewed and "affirmed as written" by another reviewer on May 22, 2007. *Id.* at 349. Accordingly, like Ms. Alvey's treatment records, the PRT forms are not substantial evidence supporting any specific functional limitations.

Ms. Alvey points out that in her application for benefits she complained of depression, the effects of her medications on her thought processes, and an inability to handle stress and changes in her routine. She testified about such issues at the

hearing. But the ALJ discounted her testimony to the extent it was inconsistent with the RFC, and she does not challenge his credibility evaluation on appeal.

In light of this record, we can confidently say that the ALJ's failure to conduct a more particularized assessment of mental functions at step four was harmless error. There is no substantial evidence that would allow a reasonable administrative factfinder to include any mental limitations in Ms. Alvey's RFC. *See Allen*, 357 F.3d at 1140, 1145; *see also Keyes-Zachary*, 695 F.3d at 1163 ("There is no reason to believe that a further analysis or weighing of [the evidence] could advance [the] claim of disability.").

Because Ms. Alvey's RFC did not contain any mental functional limitations, the ALJ did not need to explore the mental demands of her PRW. *See Winfrey*, 92 F.3d at 1024 (To make adequate findings about a claimant's PRW, "the ALJ must obtain adequate 'factual information about those work demands *which have a bearing on the medically established limitations.*'" (emphasis added) (quoting Soc. Sec. Rul. 82-62, 1982 WL 31386, at *3 (1982)). When questioned at the hearing about an RFC containing no restrictions on mental functions, the VE testified that Ms. Alvey could perform her PRW as she actually performed it. Thus, the ALJ's step-four denial of benefits was supported by substantial evidence.

The judgment of the district court is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge